IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| John Albritton,        )  | |
|     Petitioner,        ) | |
| ) | |
| v.        ) | 1:20cv302 (CMH/JFA) |
| ) | |
| Warden, FCI Petersburg,        ) | |
|     Respondent.        ) | |

MEMORANDUM OPINION & ORDER

This matter is before the Court upon respondent's opposition to petitioner John Albritton's petition for writ of habeas corpus, which was filed under 28 U.S.C. § 2241.[1] [Dkt. No. 12]. For the reasons explained below, this Court concludes it lacks jurisdiction to consider the petition. Consequently, this action will be dismissed.

In March 2013, facing charges of distribution of crack cocaine (in violation of 18 U.S.C. § 841(a)(1)) and being a felon in possession of a firearm (in violation of 18 U.S.C. §§ 922(g)(1), 924), petitioner was tried and convicted by a jury in the United States District Court for the Eastern District of North Carolina. [Dkt. Nos. 1, 13]. Petitioner had been convicted of several felonies prior to his March 2013 trial and entered an Old Chief stipulation with the government admitting as much.[2] See Case No. 4:12-cr-5-BO-1 (E.D.N.C.) ("Crim. Dkt.").

---

[1] Also before the Court is respondent's Motion to File a Response Out-of-Time. [Dkt. No. 19]. That motion will be granted nunc pro tunc to the date of filing and has been considered in the adjudication of this action.

[2] See Old Chief v. United States, 519 U.S. 172, 185 (1997) (permitting criminal defendants to stipulate to the existence of prior convictions to avoid the potential prejudice of introducing prior criminal history at trial).

On July 2, 2013, the district court sentenced Albritton to concurrent sentences of 180 months' imprisonment as to each count he faced. Crim. Dkt. No. 89. Petitioner noted an appeal, but the Fourth Circuit upheld his conviction. See United States v. Albritton, 583 F. App'x 107 (4th Cir. 2014).

Petitioner then filed a pro se motion under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel and claiming that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), he was no longer an "armed career criminal." Crim. Dkt. Nos. 124, 129. The district court denied petitioner relief on May 19, 2016. Crim. Dkt. Nos. 152-53. On June 6, 2016, Albritton filed a motion to reconsider, which the district court denied ten days later. Crim. Dkt. Nos. 154-55. On June 29, 2016, Albritton filed a notice of appeal. Crim. Dkt. No. 156. On February 9, 2017, Albritton filed a Rule 60 motion, which was dismissed by the court on February 16, 2017. Crim. Dkt. Nos. 159-60. On September 7, 2017, after granting a certificate of appealability on one issue related to the potential restoration of Albritton's civil rights, the Fourth Circuit found that due to Albritton's commission of another felony in 1984, Albritton's firearms rights were never effectively restored following his 1977 and 1978 convictions and affirmed the district court's denial of Albritton's Rule 59(e) motion. See United States v. Albritton, 697 F. App'x 178 (4th Cir. 2017), cert. denied, 138 S. Ct. 1574 (2018).

On March 18, 2020, Albritton filed the instant § 2241 habeas petition, arguing that, pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019), his felon-in-possession conviction is defective and must be vacated. [Dkt. 1]. Respondent opposes the petition, arguing that this Court lacks jurisdiction to consider its arguments and, in the alternative, that petitioner has

procedurally defaulted his claim and cannot demonstrate an entitlement to relief through a showing of actual innocence or cause and prejudice. [Dkt. No. 12].

A federal prisoner bringing a claim for relief from an allegedly illegal conviction must normally do so in a § 2255 motion in the sentencing court. Section 2255(e), however, envisions a narrow set of circumstances under which a federal prisoner could bring such a claim under § 2241. The relevant subsection states that a federal court may entertain a petitioner's § 2241 petition if § 2255 "is inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). But the simple fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of the statute does not render the remedy inadequate or ineffective. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of [§ 2255], not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").

Several circuit courts of appeals, including the Fourth Circuit, have held that §2255's "inadequate or ineffective" language—the "savings clause" as it is often called—is jurisdictional. See United States v. Wheeler, 886 F.3d 415, 424-25 (4th Cir. 2019) (citing Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in exceptional circumstances." Id. at 425. In the Fourth Circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a conviction only when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

3

prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 328 F.3d at 333-34. Thus, unless petitioner demonstrates that he can satisfy the Jones test, showing that the savings clause applies to permit his Rehaif challenge in a § 2241 petition, this Court has no "power to act" on his § 2241 claim. Wheeler, 886 F.3d at 425; see also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited.").

Respondent dedicates much discussion to the Fourth Circuit's decision in Hahn v. Moseley, 931 F.3d 295 (4th Cir. 2019), exploring the impact of the decision on the second element of the Jones test.[3] Essentially, respondent submits, Hahn can be read in two ways: (1) as requiring a district court to assess a petitioner's specific conduct to determine whether it remains criminal under a newly pronounced interpretation of law; or (2) as stating that any change in the substantive boundaries of a criminal offense satisfies the second element of Jones, clearing the path for the a court to conduct a merits analysis of whether the petitioner's conduct truly was criminal or vacatur of his conviction is appropriate.

As respondent notes, the majority of relevant Fourth Circuit precedent interprets the second element of Jones in line with the former of the two interpretations of Hahn just discussed. See, e.g., Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (finding that, pursuant to Jones, district court had jurisdiction under § 2241 to assess petitioner's claim and remanding for merits review of that claim); Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018) (treating Wheeler, not Jones, as a mere test of whether § 2241 jurisdiction exists, finding jurisdiction *did* exist, and remanding to the district court for consideration of merits).

---

[3] Respondent concedes that petitioner satisfies the first and third requirements of Jones. [Dkt. No. 12] at 12, n.8.

4

Notwithstanding the apparent lack of clarity in Hahn, district courts in the Fourth Circuit have routinely applied the same standard in the specific context of § 2241 Rehaif claims. That is to say, they have declined to accept a change in the substantive law as itself sufficient to satisfy the second element of Jones. See, e.g., Harbin v. Streeval, No. 7:20cv12, 2021 WL 137843 (W.D. Va. Jan. 14, 2021) ("[I]t is still illegal for felons, among others, to possess weapons. Nor has [petitioner] argued that he did not [actually] possess a weapon."); Swindle v. Hudgins, No. 5:19cv300, 2020 WL 469660, at *3 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19cv291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and, therefore, he cannot satisfy the second element of Jones.").

This Court declines to deviate from the path followed by the majority of the courts to assess questions similar to the one presented in this action. As respondent notes, neither the Supreme Court nor the Fourth Circuit sitting en banc has overruled or clarified the requirements of Jones such that a different decision is warranted. Consequently, this Court adopts the reasoning of the district courts cited in the preceding paragraph and finds that, because the conduct for which petitioner was charged, convicted, and sentenced remains illegal, petitioner has failed to satisfy the second element of Jones, thereby requiring this Court to find that it lacks jurisdiction to consider his § 2241 petition. Accordingly, it is hereby

ORDERED that respondent's Motion for Leave to File a Response Out-of-Time [Dkt. No. 19] be and is GRANTED nunc pro tunc to the date of filing; and it is further

ORDERED that petitioner's § 2241 habeas petition be and is DISMISSED for lack of jurisdiction.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal, noting the date of the Order over which the party seeks review. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to enter judgment in favor of respondent pursuant to Rule 58 of the Federal Rules of Civil Procedure; to send copies of this Order to petitioner and counsel of record for respondent; and to close this civil action.

Entered this 4th day of Aug. 2021.

Alexandria, Virginia

United States District Judge